CHIEF JUSTICE TURNAGE
dissents.
¶37 It is undisputed that a complete study of the need for and environmental impact of the proposed Forestvale Interchange project was conducted in 1991 and 1992. The extensive re-evaluation conducted by the Department of Transportation in 1999 led the Department to conclude that there was no change of circumstances justifying a supplemental environmental impact statement. In my view, the Department’s reliance on its experts to reach that conclusion was neither arbitrary nor capricious. Therefore, under our standard of review, it must not be overturned.
¶38 A supplemental environmental impact statement is required only when significant new circumstances bear on the proposed action or its impacts. See Rule 18.2.247, A.R.M. While the plaintiffs may not agree with the results, it cannot be denied that the Department thoroughly searched for possible significant new circumstances in 1999, and found none. Simply because an agency takes another look at a proposed project and publicly questions some of its assumptions does not mean that significant new circumstances exist.
¶39 In this case, the record establishes that the Department’s February 1999 evaluation looked at recent traffic data to determine whether the growth patterns in the Helena area had resulted in the Forestvale Project becoming unnecessary to the purpose and needs of the final environmental impact statement. The new analysis used 1999 traffic data and came to the conclusion that the project would relieve congestion on North Montana Avenue by 30 to 50 percent and would reduce traffic in front of Rossiter School by 58 percent.
¶40 Moreover, the analysis concluded that the project would not significantly affect the Capitol Interchange. The report makes clear that the Capitol Interchange needs to be reconstructed in any event, because of factors unrelated to the Forestvale Interchange such as the need for seismic retrofitting and to accommodate pedestrians. The report states that the main vehicular traffic congestion at the Capitol Interchange is at the northbound on-ramp and the northbound off-ramp, both of which are on the east side of the interchange. The addition of traffic on the southbound off-ramp on the west side of the interchange as a result of the Forestvale Interchange will not influence the time frame under which a redesign of the Capitol Interchange *13 must occur. The many other problems with the Capitol Interchange would make it necessary to reconstruct the interchange before the additional traffic as a result of the Forestvale Interchange would require reconstruction.
¶41 The reevaluation also considered whether there were any new impacts from the Forestvale Interchange upon the Cedar Street Interchange, and foresaw both benefits and nonsubstantial negative impacts upon that interchange. The report then went on to discuss any possible new impacts to land use, social and economic matters, noise, water quality, wetlands, historical and archaeological preservation, relocation, air quality, permits, public comments and coordination, and cumulative impacts. The report requested the concurrence of the Federal Highway Administration (FHWA) that the new information or circumstances relevant to environmental concerns and bearings do not result in any significant environmental impacts. FHWA concurred.
¶42 The existence of other proposals for highway improvements in the Helena area (which the plaintiffs refer to as “alternatives,” including widening Montana Avenue) does not render the decision not to perform a supplemental environmental impact statement arbitrary or capricious. It is significant that the purposes for this project as documented in the original EIS include not only to relieve congestion on Montana Avenue, but also to provide quicker access and better response time for fire department and other emergency vehicles.
¶43 Nor do off-the-cuff statements of one individual, even the Director of the Department of Transportation, negate his own agency’s technical study. The District Court noted that in Director Marv Dye’s deposition, he made it clear that his 1997 statements relating to the impact of the Forestvale Interchange on the traffic on Montana Avenue were nothing more than generalization and speculation.
¶44 An agency decision not to supplement an EIS in light of new information is reasonable when the agency has carefully considered the information, evaluated its impact, and supported its decision not to supplement with a statement of explanation. Animal Defense Council v. Hodel (9th Cir. 1988), 840 F.2d 1432, 1438. Like the District Court, I would conclude that the Department did not act arbitrarily, capriciously, or unlawfully in reaching its February 1999 decision that a supplemental environmental impact statement was not necessary.
¶45 It does not require a panel of highway construction experts to determine that traffic flow on North Montana Avenue has surpassed *14 acceptable safety standards. This can be readily ascertained by asking any of the local residents required to daily travel this road. The sad result of this decision is to delay any improvement of this traffic nightmare for, in all probability, years to come. After new studies, public meetings, and environmental impact statements have been conducted, another lawsuit will surely be filed seeking further supplemental environmental impact statements. This road leads to nowhere. I therefore respectfully dissent.